IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MICHAEL PADGETT,                          :
                                          :    C.A. No.: S20A-11-003 RHR
        Claimant Below – Appellant        :
    v.                                    :
                                          :
R&F METALS, INC.,                         :
                                          :
        Employer Below – Appellee.        :


Submitted: March 31, 2021
Decided: June 30, 2021

Upon Consideration of an Appeal of the Decision
of the Industrial Accident Board, **AFFIRMED**.

**ORDER**

For the following reasons, the Court affirms the decision of the Industrial

Accident Board ("IAB") in favor of R&F Metals, Inc. ("Employer"):

1.      On November 18, 2016, Michael Padgett ("Claimant") injured his

lower back at work when he lifted a bag of concrete and fell. Claimant has had five

back surgeries since that accident, the first four of which were either acknowledged

to be compensable by Employer or were determined to be compensable by the IAB.

The fifth surgery is the subject of this appeal.

2.      Employer filed a Petition for Review in January 2020 alleging that Claimant could return to work. In March 2020, Claimant filed a Petition to Determine Additional Compensation Due seeking compensability for that then-planned fifth surgery. Before the IAB decided these two petitions, Claimant underwent the fifth surgery on June 25, 2020.

3.      The IAB conducted a hearing on October 15, 2020.  On October 28, 2020, the IAB issued a decision finding that the June 2020 surgery and related medical expenses were not reasonable, necessary, and related to the 2016 work accident. The IAB also granted Employer's Petition to Terminate Benefits.[1]

4.      Claimant appeals the IAB's denial of the Petition to Determine Additional Compensation Due, arguing that the IAB's decision was not supported by substantial evidence. Claimant also argues that the IAB failed to apply the "but-for" standard of causation test.

5.      Pursuant to 29 *Del. C.* § 10142(a), this Court has jurisdiction over appeals from administrative agencies like the IAB. On appeal, this Court reviews the IAB's decision to ensure that it is supported by substantial evidence and free from legal error.[2] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3] If there is no error of law, the

---

[1] Claimant does not challenge this ruling on appeal.
[2] *DiSabatino Bros. v. Wortman*, Del. Supr., 453 A.2d 102, 105 (1982).
[3] *Washington v. Del. Transit Corp.*, 226 A.3d 202, 210 (Del. 2020).

Court reviews for abuse of discretion. The IAB abuses its discretion when its decision has "exceeded the bounds of reason in view of the circumstances."[4] In this analysis, the Court must give deference to the experience and specialized competence of the IAB.[5] "The credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn therefore are for the Board to determine."[6]

6.      Relevant to this appeal, the IAB heard testimony from: Claimant; Dr. Stephen Fedder, the Employer's medical expert; and Dr. James Zaslavsky, Claimant's surgeon.[7] The IAB's decision thoroughly summarized all of the witnesses' testimony.

7.      The IAB concluded that the fifth surgery was not reasonably and necessarily causally related to the November 2016 work injury. This decision is supported by substantial evidence. The IAB's decision turned on the issue of credibility: the IAB found Dr. Fedder's medical opinion to be persuasive. He testified that he did not see a sufficient "pain generator"[8] in Claimant's lower back

---

[4] *Willis v. Plastic Materials, Co.*, 2003 WL 164292, at *1 (Del. Super. Jan. 13, 2003).
[5] *Del. Transit Corp. v. Hamilton*, 2001 WL 1448239, at *1 (Del. Super. Oct. 31, 2001).
[6] *Clements v. Diamond State Port Corp.*, 831 A.2d 870 (Del. 2003) (*citing Coleman v. Dept. of Labor*, 288 A.285, 287 (Del. Super. 1972).
[7] Claimant's daughter and Tremel Perry, a labor market surveyor, also testified, but their testimony is not relevant to the issues raised on appeal.
[8] Industrial Accident Board Decision on Petition to Terminate Disability Benefits and Petition to Determine Additional Compensation Due, Hearing No. 1450795, Oct. 28, 2020 ("IAB Decision") at 31.

and that he had not observed Claimant respond meaningfully to his fourth surgery, which took place in 2019.[9] Dr. Fedder pointed to the fact that although Claimant had undergone four surgeries, Claimant's subjective complaints about pain remained consistent.[10] Dr. Fedder also noted that Claimant appeared to take a large amount of prescribed opiate pain medication and opined that Claimant should be weaned from those medications.[11] Crucially, Dr. Fedder and Dr. Zaslavsky (both of whom examined Claimant after his fourth back surgery and before his fifth) disagreed as to Claimant's medical presentation: although Dr. Zaslavsky testified that Claimant's fifth surgery was necessary to alleviate Claimant's ongoing pain, Dr. Fedder reported that his examination of Claimant was neurologically normal and opined that Claimant's medical dependency on opiates was "driving" his complaints.[12]

8.     On the other hand, the IAB specifically found Claimant's testimony to be inconsistent, which undermined his credibility.[13] The IAB's decision noted that the evidence was unclear as to whether Claimant trusted Dr. Zaslavsky's treatment plan,[14] and noted a difference of opinion between Claimant and his doctor about whether Claimant should be weaned from narcotic medication.

---

[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.* at 14.
[13] *Id.* at 33.
[14] *Id.*

9.      It is well-established in Delaware that the IAB may choose between conflicting testimony and that its determination of credibility will be given deference by a reviewing court.[15] Here, the IAB found Dr. Fedder's testimony credible and Claimant's testimony not. This Court cannot and will not disturb that finding.

10.      Turning to Claimant's argument that the IAB failed to apply the but-for standard of causation to Claimant's claim for benefits, the IAB explicitly found, and Claimant acknowledged, that Claimant had been involved in two accidents after his fourth back surgery and prior to his fifth—one, where he fell after he was attacked by a dog and sustained increased pain in his back as a result, and another, where he was run over by a vehicle and sustained injuries to his leg. The IAB found that these accidents and the injuries sustained as a result were sufficient to break any causal link between Claimant's 2016 work-related injury and Claimant's need for a fifth back surgery in 2020. That is to say, the IAB applied the but-for test and found Claimant's fifth back surgery could not be attributed to his work-related injury.

11.      Accordingly, the record below demonstrates that the IAB's finding that the fifth surgery was not reasonable, necessary, and causally related to Claimant's

---

[15] *See, e.g. Noel-Liszkiewicz v. La-Z-Boy, Inc.*, 2012 WL 4762114, at \*4 (Del. Super. Oct. 3, 2012).

work-related injury is correct as a matter of law supported by substantial evidence. The IAB decision is AFFIRMED.

**IT IS SO ORDERED.**

/s/ Robert H. Robinson, Jr.
Robert H. Robinson, Jr., Judge


cc:    Heather A. Long, Esquire
       Greogry P. Skolnik, Esquire